IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIOT S. SASH, | : | CIVIL ACTION NO. **1:CV-07-0475** |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KAREN HOGSTEN, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**I. Background.**

On March 14, 2007, Plaintiff, Eliot S. Sash, formerly an inmate at the Federal Low Security

Correctional Institution at Allenwood ("LSCI-Allenwood"), White Deer, Pennsylvania,[1] filed, *pro se,*

this action. This case was found by the District Court to have been brought pursuant to 28 U.S.C.

§ 1331.[2] Plaintiff also filed two Motions to proceed *in forma pauperis.* (Docs. 2 and 8).[3]

---

[1]Plaintiff has been released from prison and the BOP Halfway House, and he now resides with his wife in Closter, New Jersey. Doc. 75. Plaintiff indicates that he was transferred from LSCI-Allenwood to a BOP Halfway House on October 2, 2007, and that he remained there for two months. As stated, Plaintiff now resides in New Jersey. In his Address Notice, Plaintiff does not state if he has fully served his federal sentence or if he has been released from the Halfway House on parole or supervision. We note that in his Complaint, Plaintiff stated that on September 24, 2006, the federal judge sentenced him to 24 months incarceration, and his Ex. I attached to his pleading supports this averment. (Doc. 1, ¶ 26. and Ex. I).

[2]Plaintiff also styled his action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, p. 1 and p. 2 , ¶ 5. ). Initially, we incorrectly labeled this action as a *Bivens* action but properly stated that it was filed pursuant to 28 U.S.C. § 1331. We also correctly determined that Plaintiff's action was not a habeas petition. On March 16, 2007, we issued an Order directing the Clerk of Court to revise Plaintiff's filing as a § 1331 action. (Doc. 4). Plaintiff objected to our Order on March 22, 2007 (Doc. 6), and on March 23, 2007, the District Court issued an Order in which it found that "Plaintiff's action rightfully falls within 28 U.S.C. § 1331," and it found that Plaintiff's action was not a *Bivens* action since he did not seek

Plaintiff has been permitted to proceed with respect to his §1331 action only as against Defendants Brady, Potope and Factora, and only with respect to his Eighth Amendment denial of proper medical care claims and his requests for injunctive relief. (See April 25, 2007 District Court Order, Doc. 18).

The three remaining individual Defendants were employed by the BOP during the relevant times of this case. Plaintiff did not seek monetary damages from Defendants. Rather, Plaintiff sought this Court to compel Defendants to transfer him to a BOP medical facility, a camp, a halfway house, or home confinement so that he could obtain is own medical care at no cost to the BOP. (Doc. 1, pp. 1-2). Plaintiff also sought this Court to order Defendants to allow him to have MRI's and a CAT scan, and for the Court to appoint three (3) independent medical examiners (i.e. an orthopedic surgeon, a neurologist and a neurosurgeon) to examine him so that a treatment plan for him could be formulated and implemented while he was in prison. (Id. and ¶'s 54.-57.). Plaintiff basically alleged that Defendants violated his Eighth Amendment right to proper medical care for his serious back conditions, i.e. cervical stenosis and lumbar stenosis, as well as his heart condition,

---

monetary damages and only requested injunctive relief. (Doc. 7, p. 2). The District Court quoted 28 U.S.C.
§ 1331 as follows, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the Untied States." (Emphasis added). (Id.).

[3]We recommended that the District Court deny, in part, Plaintiff's in forma pauperis Motion, and the District Court did so and directed Plaintiff to immediately pay a partial filing fee, with the remaining portion of the full filing fee to be deducted from his prison account in installments until paid in full. (Doc. 18).
As stated below, we will direct Plaintiff to file a new financial affidavit with his Amended Complaint to determine if he is now able to pay in full any remaining balance due on the filing fee, since he is no longer incarcerated.

*i.e.* claiming, in part, that Defendants failed to timely schedule him for an angiogram. (*Id.*, pp. 1-3).[4]

On August 27, 2007, in response to the Complaint, the United States filed a Motion to Dismiss or, in the alternative, for Summary Judgment. **(Doc. 54).** The Motion was filed by the United States on behalf of the remaining Defendants since the government noted that Plaintiff could not seek equitable relief from the Defendants in their individual capacities, and that he could obtain such relief from the United States. (Doc. 54, p. 1, n. 1). In our September 4, 2007 Order denying Plaintiff's Motion for Default Judgment (Doc. 56), in which Plaintiff claimed that the three remaining Defendants did not timely respond to his Complaint, we stated that since no *Bivens* claims were asserted in this case, as Plaintiff does not seek monetary damages and only seeks injunctive relief, the United States had standing to represent the interests of the BOP Defendants and to file the August 2007 dispositive motion on their behalf. The government relied upon 28 U.S.C. § 517 (Doc. 54, p. 1, n. 1), stating that it could clearly protect its interests in this case even though Plaintiff only requested injunctive relief, since such relief was not available from the Defendants in their individual capacities and Plaintiff could obtain such relief from the government.

In our Order denying Plaintiff's Motion for Default Judgment (Doc.56), we stated that Plaintiff's action is properly brought under 28 U.S.C. § 1331, and he is not seeking monetary relief, only injunctive relief. (Doc. 7 and Doc. 1, p. 2, and Relief Requested, ¶'s 54-57). As the

---

[4]We initially found that Plaintiff's pleading met one of the prongs with respect to an Eighth Amendment claim, namely, he alleged serious medical conditions. Plaintiff alleged, and his exhibits showed, that he had serious back conditions as well as a heart condition. Plaintiff averred that he had an angiogram on March 2, 2007, and that the surgery was successful and enabled him to be taken off of two prescription heart medications. (Doc. 1, ¶ 48.).

government noted, Plaintiff could obtain injunctive relief from the United States, but not from the Defendants in their individual capacities. (Doc. 54, p. 1, n. 1).

In his Complaint, Plaintiff did not indicate if he sued Defendants in their individual and/or official capacities. As the Court noted in *Abuhoran v. Morrison*, 2005 WL 2140537, *1, n. 3 (E.D. Pa. 2005), while the federal inmates did not indicate if they sued Defendants in their individual or official capacities, since the inmates sought injunctive relief with respect to the BOP's policies, and since the inmates sought money damages against the individual federal officials, the Court assumed that the inmates intended to sue Defendants in both their official and individual capacities, *i.e.* they sued Defendants in their official capacities with respect to the injunctive relief sought, and they sued Defendants in their individual capacities with respect to the money damages sought. The *Abuhoran* Court cited to *Miller v. Smith*, 220 F. 3d 491, 494 (7th Cir. 2000), which held that "[w]here the Plaintiff seeks injunctive relief from official polices or customs, the Defendant has been used in her official capacity ... ."   Since Plaintiff Sash only sought injunctive relief in his Complaint to have the Court direct the BOP to transfer him to a medical facility, to order the BOP to have medical tests conducted on him, and to order the BOP to retain specialists for consultations regarding his medical care while he was in prison, we found that Plaintiff sued the BOP Defendants in their official capacities and that, as such, the government did have an interest in this case. Thus, since Plaintiff sought only injunctive relief, we agreed with the government that Plaintiff could not seek equitable relief from the Defendants in their individual capacities.[5] (Doc. 54, p. 1, n. 1). We

---

[5] As we previously noted, Plaintiff cannot seek monetary damages against the federal Defendants in their official capacities.  As the Court in *Breyer v. Meissner*, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998), stated:

4

then found that, since Plaintiff sued the BOP Defendants in their official capacities, *i.e.* because he

sought only injunctive relief, the government clearly had an interest in this case and could file the

August 2007 dispositive motion on behalf of the Defendants. (Doc. 56).

Plaintiff can seek equitable relief against the Defendants in their official capacities. *See*

*Breyer, supra* at 544. Thus, we found that Plaintiff's intention was to only seek equitable relief from

the federal Defendants in their official capacities.

As stated, on August 27, 2007, the United States filed a Motion to Dismiss Plaintiff's

Complaint, or, in the alternative, for Summary Judgment. (Doc. 54). The United States noted in

its stated dispositive Motion that Plaintiff could not seek only equitable relief from Defendants in

their "individual capacity," citing *Bivens*, and noted that Plaintiff could obtain equitable relief from

the United States. (Doc. 54, p. 1, n. 1). As mentioned, we found that Plaintiff could seek equitable

relief against Defendants only in their official capacities. Thus, we denied Plaintiff's Motion for

Default Judgment and found that the government's stated dispositive Motion, filed in response to

Plaintiffs' Complaint, was properly filed by the United States under 28 U.S.C. §517. (Doc. 56). As

the District Court has previously stated, Plaintiff's present case is properly filed under 28 U.S.C.

---

To the extent that the proposed claims seek monetary damages
against the United States or individual defendants in their official
capacities, the claims are barred by the doctrine of sovereign
immunity. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471,
475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Plaintiff does
not allege that the United States has waived its immunity in this
case. Furthermore, the Supreme Court has held that a *Bivens* action
may not be brought against a federal agency. *Id.* 510 U.S. at 484-86,
114 S.Ct. at 1005-06.

§ 1331 and not *Bivens*, since he is not seeking monetary relief, but only injunctive relief. (Doc. 7).

Specifically, on March 23, 2007, the District Court issued an Order in which it found that "Plaintiff's

action rightfully falls within 28 U.S.C. § 1331." (Doc. 7, p. 2).  The District Court quoted 28 U.S.C.

§ 1331 as follows, "The district courts shall have original jurisdiction of <u>all</u> civil actions arising under

the Constitution, laws or treaties of the United States." (Emphasis added).  (*Id*.).

    Tile 28 U.S.C. § 517 provides that:

> The Solicitor General, or any officer of the Department of
> Justice, may be sent by the Attorney General in any State
> or district in the United States to attend to the interests of
> the United States in a suite pending in a court of the United
> States, or in a court of a state, or to attend to any other
> interest of the United States.

We thus disagreed with Plaintiff that the United States and United States Attorney's Office

had no standing to file the August 2007 dispositive Motion (Doc. 54) on behalf of the remaining

Defendants, who we found were all federal officials being sued in their official capacities for

injunctive relief.

On February 5, 2008, Plaintiff filed a Notice of Change of Address indicating that he was no

longer incarcerated at LSCI-Allenwood, and that he was residing at what appears to be the

residence of his wife located in Closter, New Jersey. (Doc. 75).  In his Ex. A attached to his Notice,

*i.e.* a letter dated September 17, 2007 from Plaintiff to the assigned District Court Judge, Plaintiff

stated that he was being transferred to a Halfway House [in Newark, N. J. (Doc. 78, p. 4)] on

October 2, 2007, and he requested that all future filings in this case be sent to his wife at her

address in Closter, New Jersey.  In Plaintiff's Notice, he stated that he spent two months in the BOP

contract Halfway House.  Plaintiff also stated in his Notice that he did not receive any copies of

6

documents filed in this case, pursuant to his request, as of the District Court's September 18, 2007

Orders (Docs. 64 and 65). Plaintiff requested that copies of all filings after Doc. 65 be sent to him

at his new address. In response to Plaintiff's request, the government sent Plaintiff copies of its

Response to one of the District Court's September 18, 2007 Orders and its Reply Brief in support

of its dispositive Motion, both filed on September 24, 2007 (Docs. 67 and 68). (Doc. 78, Ex. A).

The government also re-sent Plaintiff a copy of its opposition Brief to his Motion to Amend his

Complaint. (Doc. 76). It is not clear as to why Plaintiff did not receive copies of documents filed

after the September 18, 2007 Orders, but it is clear that after Plaintiff's September 17, 2007 letter

to the Court, he was still mailed copies of documents to his former LSCI-Allenwood address. (See,

e.g., Doc. 74).

In any event, we will not direct the Clerk of Court to send Plaintiff copies of all documents

filed in this case after the September 18, 2007 Orders, as Plaintiff requests, since we are granting

Plaintiff's Motion to Amend his Complaint, rendering as moot Plaintiff's request for the stated

copies.[6]

## II. Discussion.

Presently pending before the Court are two Motions, namely the August 27, 2007 Motion

to Dismiss Plaintiff's Complaint, or, in the alternative, for Summary Judgment under Rule 56 filed

by the United States on behalf of the three remaining Defendants **(Doc. 54)**, and Plaintiff's

October 1, 2007 Motion to Amend his Complaint from one for Injunctive Relief to a *Bivens* action

---

[6]We also note, as stated above, that the government has re-sent Plaintiff copies of some of its more recent filings. *See, e.g.,* Doc. 76.

for Monetary Damages pursuant to Rule 15(c). **(Doc. 70)**. Also pending is Plaintiff's unopposed (See Doc. 78, Ex. A) February 20, 2007 Motion for an Extension of Time to file, *nunc pro tunc,* his Reply Brief in support of his Motion to Amend his Complaint. (Doc. 77). Ironically, Plaintiff has previously stressed that his original action was not a *Bivens* suit since he only sought injunctive relief from the Defendants and not any money damages from them, and he now seeks to amend his Complaint to file a *Bivens*-type civil rights suit against Defendants for money damages. (Doc. 6 and 70).

As noted, the District Court has specifically found that Plaintiff's action was rightfully filed under §1331, and not *Bivens*. Plaintiff seeks to now convert his action to a *Bivens* suit, since he states that his requests for injunctive relief were moot as October 2, 2007 due to the fact that he was no longer incarcerated at LSCI-Allenwood and was transferred to the BOP Halfway House. (Doc. 71, p. 4). Indeed Plaintiff's requests for injunctive relief contained in his original Complaint may be moot, since Plaintiff now resides with his wife address in New Jersey. (Doc. 75). Plaintiff has not submitted a proposed Amended Complaint with his Motion to Amend, but he has requested, and the government has not opposed, thirty (30) additional days from February 13, 2008, in which to file his Reply Brief in support of his Motion to Amend his Complaint. (Doc. 78 and Ex. A).

The government states in its opposition Brief to Plaintiff's Motion to Amend his Complaint (Doc. 74) that, since it is not clear if Plaintiff will be able to maintain a different cause of action in his proposed Amended Complaint, *i.e.* constitutional claims seemingly under the Eighth Amendment for denial of proper medical care and a claim for negligence, it would appear that any

8

amendment to his original pleading would be futile. We find that Plaintiff has stated sufficient facts

in his Brief in support of his Motion to Amend, Doc. 78, p. 4-5, which enable the Court to grant,

in its discretion, Plaintiff's Motion to Amend and allow him to amend his pleading. We find that

Plaintiff is not attempting to raise a different cause of action from his Eighth Amendment denial of

proper medical care claims he asserted in his original Complaint, other than to add a tort claim

under the FTCA, and that the main addition to the amended pleading will be the relief which

Plaintiff requests, *i.e.* money damages as opposed to injunctive relief.[7]

We find it quite clear that Plaintiff seeks to amend his Complaint to file a joint *Bivens* civil

rights action against the three remaining Defendants of the medical staff at LSCI-Allenwood under

the Eighth Amendment for denial of proper medical care regarding his back condition and an FTCA

action against the United States for medical malpractice by prison medical staff. (Doc. 78, pp. 4-5).[8]

We find it only futile for Plaintiff to assert a claim in the civil rights portion of his Amended

Complaint concerning his allegations that prison medical staff failed to timely schedule an

angiogram for him, since the government has established through undisputed evidence, filed with

---

[7]As noted above, Plaintiff cannot seek money damages from any federal Defendant in his official capacity. See *Breyer v. Meissner*, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998). Thus, in his Amended Complaint against Defendants Brady, Potope and Factora, Plaintiff should specify that he is suing the Defendants in their individual capacities.

[8]Since Plaintiff did not raise a negligence claim against the United States in his original Complaint, and since he now clearly seeks to add such a claim in his Amended Complaint (Doc. 78, p. 5), the government did not indicate in its August 2007 dispositive Motion, as it did regarding Plaintiff's Eighth Amendment claims and the PLRA exhaustion requirement, if Plaintiff filed a tort claim with the BOP, SF-95, and if he exhausted his BOP Administrative remedies with respect to a tort claim. The United States certainly retains the right to assert such a defense to the Plaintiff's FTCA claim he indicates he will be including in his Amended Complaint.

its dispositive Motion, that none of Plaintiff's BOP Administrative remedies he filed contained this claim. (Doc. 62, ¶ 112. and Doc. 63, Ex. B, ¶ 10.).   Plaintiff has undisputedly exhausted his Administrative remedies with respect to his claims concerning improper medical care for back pain from his back conditions. (Doc. 62, ¶ 111. and Doc. 63, Ex. B, ¶ 10. ). Thus, since it has been demonstrated that Plaintiff did not exhaust all of his available Administrative remedies with the BOP regarding his claim that Defendants failed to schedule an angiogram, Plaintiff shall not include this claim in his Amended Complaint.[9]  Also, Plaintiff shall only name the three remaining Defendants in this case, Brady, Potope and Factora, with respect to his Eight Amendment claim regarding his medical care for his back conditions.  As noted, insofar as Plaintiff is going to request monetary damages only against the BOP Defendants in his Amended Complaint, he shall specify that he is

---

[9]Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law, such as 28 U.S.C. § 1331. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.   Further, an inmate cannot satisfy the PLRA's exhaustion requirement after he has filed his complaint in federal court. *See Oriakhi v. U.S.*, 165 Fed.Appx. 991, 993 (3d Cir. 2006) (Non-Precedential); *Scerbo v. Orefice*, Civil No. 06-0676, M.D. Pa., 12-20-06 Memorandum.

Defendants have  the burden to  plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).  *See Fortune v. Bitner*, 2006 WL 2796158, * 7 (M.D.Pa.) (This court discussed the purpose of the PLRA's exhaustion requirement as explained by the Court in *Ngo*).  As discussed above, Defendants have established that Plaintiff did not exhaust his Administrative remedies with respect to his claim that Defendants failed to schedule him for an angiogram, but he has undisputedly exhausted his Administrative remedies with respect to his claims concerning improper medical care for back pain from his back conditions.

suing Defendants in their individual capacities.

We will grant Plaintiff's Motion to Amend his Complaint (Doc. 70) and permit him to file his joint *Bivens* action and FTCA action. We note that Plaintiff can join his FTCA claim with his *Bivens* claim.[10] *See Hodge v. USA*, Civil No. 06-1622, M.D. Pa. (Plaintiff can join civil rights action and FTCA action).

It is within the Court's discretion to grant or deny a request for leave to file an amended pleading. Wright Miller & Kane, *Federal Practice & Procedure*, § 1504 ; *Farmer v. Brennan*, 511 U.S. 825, 845, 114 S. Ct. 1970, 1983 (1994). Furthermore, leave should be freely granted when doing so will promote the economic and speedy disposition of the whole case, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the case. *Id.* The grant or denial of a motion for leave to amend or supplement is committed to the sound discretion of the District Court. *Cureton v. NCAA*, 252 F. 3d 267, 272 (3d Cir. 2001). We are well aware that, while Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," if the amendment would be futile, it should not be permitted. *See Forman v. Davis*, 371 U.S. 178, 182 (1982). The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Further, "prejudice to the non-moving party is the touchstone" for denying leave to file an

---

[10]Recently, the Third Circuit in *Banks v. Roberts*, C.A. No. 07-2793, slip op. p. 2, n. 1, 2007 WL 3096585, * 1, n. 1 (3d Cir. 10-19-07) (Non-Precedential) noted that "A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens* . . . "

In *Banks*, the inmate also jointly raised *Bivens* claims as well as an FTCA claim in his lawsuit.

amended complaint. *Cornell & Co., Inc. v. OSHA Review Comm'n.*, 573 F. 2d 820, 823 (3d Cir. 1978).

We find that Plaintiff should be granted leave to amend under Rule 15, especially in light of Plaintiff's *pro se* status, the history of this case, the problems with Plaintiff not receiving any filings after the September 18, 2007 Orders, and the current procedural posture of it. In fact, Defendants have not even answered the original Complaint since the government filed the dispositive motion. No discovery has been conducted to date. Thus, we do not find futility of any amendment of Plaintiff's Eighth Amendment claim or his tort claim, and we shall grant Plaintiff leave to amend his action only with respect to his Eighth Amendment claim contained in his original Complaint, i.e. his Eight Amendment claim regarding his medical care for his back conditions against the three remaining Defendants in this case, Brady, Potope and Factora, and with respect to his tort claim against the Untied States. Plaintiff is directed not to add any new claims in his Amended Complaint or to include any claims that were previously found subject to dismissal. Nor should Plaintiff add his claim in his Amended Complaint that Defendants failed to schedule him for an angiogram since we find this claim would be futile. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).

We find any claimed prejudice to the government and Defendants (Doc. 74, p. 8) to be outweighed by the prejudice to Plaintiff, since his original requests for only injunctive relief may now be moot since he is no longer incarcerated. Also, in the interest of judicial economy, we find

12

that Plaintiff should be granted leave to amend since he would be able to file a new §1331 action for money damages regarding his Eight Amendment claim with respect to his medical care at LSCI-Allenwood for his back conditions against the three remaining Defendants even if the present case was dismissed as moot.

As stated, it is undisputed that Plaintiff was released from BOP custody two months after he was placed in a BOP Halfway House on October 2, 2007. (Doc. 75). The record also indicates that the government has acknowledged Plaintiff's release from BOP custody and is now serving Plaintiff with copies of its filings at his New Jersey residence. (Doc. 76). It is not clear if Plaintiff has fully served his September 2006 24-month federal sentence or if he has been released on or about December 2, 2007, on parole or under terms of federal supervised release. In any event, Plaintiff has been released from BOP custody, and his requests for injunctive relief in his original Complaint may be moot as he contends. (Doc. 71, p. 4). As stated, the record clearly indicates that Plaintiff was released from BOP custody and is presently residing with his wife in New Jersey. Doc. 75.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id*. at 7. In the present case, Plaintiff sought only injunctive relief requesting his transfer to a halfway house, camp, or home confinement, and requesting the Court to order a series of medical tests on him and to appoint a team of specialists to examine him and formulate and implement a treatment plan for him. (Doc.1, pp. 1-2). Thus, Plaintiff claimed he was being unlawfully denied proper

13

medical care for his back conditions while he was in BOP custody. The question arises now as to whether Plaintiff's requests for only injunctive relief are moot since he is no longer detained by the BOP and is no longer in its custody. In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id.* (Citations omitted). Because Plaintiff is not currently detained by the BOP, since he was released from custody on or about December 3, 2007, after his 2-month stay in a halfway house, Plaintiff's release from BOP custody may constitute an end to his original requests for injunctive relief, in which he asked the Court to order additional medical care and to require the BOP Defendants to order MRI's and appoint a team of medical experts. Thus, for purposes of the mootness issue, the question is whether Plaintiff is any longer threatened with any actual injury traceable to the BOP Defendants and likely to be redressed by a favorable decision by this Court. Thus, as the government states (Doc. 74, p. 8) and as Plaintiff admits, his requests for injunctive relief as contained in his original Complaint are moot as of about December 2, 2007, when he was released from the BOP halfway house. Plaintiff has now been released from BOP custody, but he may still be subject to a term of supervised release. Regardless, Plaintiff is no longer threatened with any actual injury traceable to the BOP Defendants regarding his claims of inadequate and improper medical care, and his original requests for injunctive relief that this Court order necessary tests and procedures for him. Plaintiff clearly states that he has undergone several medical tests and procedures since October 2, 2007 (Doc. 78, pp. 4-5), and his original requests for injunctive relief can no longer be likely redressed by a favorable

14

decision by this Court. *See Williams v. Sherman*, 214 Fed. Appx. 264 (3d Cir. 2007); *Hinton v. Miner*, 138 Fed. Appx. 484 (3d Cir. 2005); and *Ruiz v. Smith*, Civil No. 05-2412, M.D. Pa. (4-5-07 Order, J. Nealon) (Petitioner's release from BOP custody rendered habeas petition moot even though Petitioner was placed on supervised release).

In his original Complaint, Plaintiff requested as relief that he be transferred from LSCI-Allenwood to a halfway house, a camp, or home confinement, and he requested that he be ordered medical tests and the appointment of experts to formulate a treatment plan for him in prison. Plaintiff has now been released from BOP custody. (Doc. 75. We now find that Plaintiff will not still suffer from any actual injury from the BOP Defendants and that his claims for injunctive relief are moot now that he has been released from BOP custody. We find that there is no longer a case or controversy presented, nor has Plaintiff made any showing of collateral consequences.

Therefore, we find that Plaintiff's original injunctive relief claims are moot since he is no longer being detained by BOP and there are no longer any collateral consequences as a result of the BOP's former detention of him.

In the case of *Joseph v. Johns*, 2005 WL 3447932 *2 (W.D. Pa.), the Court stated as follows:

"A case is moot when it is 'impossible for the court to grant any effectual relief whatever' to a prevailing party."

> *In re Overland Park Financial Corp.*, 236 F.3d 1246, 1254 (10th Cir.2001) (quoting *Church of Scientology v. United States*, 506 U .S. 9, 12 (1992) (some internal quotations omitted). See also *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1217 (11th Cir.2000) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (citations and internal quotation marks omitted). If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of

the ability to afford the plaintiff or appellant meaningful relief, then the case becomes moot and must be dismissed. *De La Teja v. U.S.,* 321 F.3d 1357, 1362 (11th Cir.2003). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Florida Ass'n of Rehab, Facilities,* 225 F.3d at 1217. By this action, Petitioner sought to have credits issued against his federal sentence, resulting in his speedier release. *See* Section 2241 Petition at p. 3 ¶ 7 and p. 6 at ¶ 8. However, because the Respondent has lost jurisdiction over Petitioner, the Respondent was thereby rendered unable to afford Petitioner any relief. Because no matter what order the District Court would issue to the Respondent, the Respondent, having no power over Petitioner, would be unable to effectuate any relief to Petitioner, the case is moot and must be dismissed. *See Wilson v. United States Dep't of the Interior,* 799 F.2d 591, 592 (9th Cir.1986) (holding that a case was moot because the named defendant could not be directed to do anything that would provide relief).

Even if the Respondent did have jurisdiction over Petitioner, the result would be the same. In his Section 2241 petition, what Petitioner essentially sought was release from his sentence of confinement in a speedier fashion. However, he has now already been released from that sentence. The court has no power to do anything to effectuate his speedier release given that he has already been released. Where a party has obtained all the relief sought by the time a court comes to rule on a request for relief, the case becomes moot and should be dismissed. *Lowe v. Duckworth,* 663 F.2d 42, 43 (7th Cir.1981) ("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot."). *Accord Lowary v. Lexington Local Bd. of Educ.,* 854 F.2d 131, 133 (6th Cir.1988) ("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed.") (citing *DeFunis v. Odegaard,* 416 U.S. 312, 316-17 (1974)); *Althridge v. Quiggs,* 852 F.2d 621, 624 (D.C.Cir.1988) ("It seems clear that Althridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot.").

As stated, we find that Plaintiff's release from BOP custody and his failure to show any collateral consequences, renders moot his claims for injunctive relief contained in his original complaint. Regardless of whether Plaintiff's original injunction claims are now moot, or if collateral consequences still exist from his federal sentence, *vis a vis* if he has a term of federal

16

supervised release, despite the fact that he is no longer in BOP custody, we have found that Plaintiff should be permitted to amend his Complaint to now seek money damages with respect to his Eighth Amendment claims against the three remaining Defendants, and to add a tort claim against the government under the FTCA (if Plaintiff has exhausted his FTCA Administrative remedies with the BOP). We find that it is in the interest of judicial economy to allow Plaintiff to file an Amended Complaint rather than to recommend that the District Court dismiss this case, since Plaintiff would then be able to simply file a new civil rights action under § 1331 raising his Eighth Amendment claims and seeking money damages from the BOP Defendants.[11]

Additionally, the Court has not even ruled upon the government's dispositive Motion filed in response to the original Complaint, and no discovery seems to have been conducted yet in this case. The Court has not yet issued a scheduling order setting any case deadlines. Thus, based on the current procedural posture of this case, *i.e.* we are still at the pleadings stage, we find no undue prejudice to Defendants or the government if we grant Plaintiff's Motion to Amend his Complaint. Further, any prejudice to the government is minimal since after Plaintiff files his Amended Complaint, the government can certainly file another Motion to Dismiss in response to it.

We will deem the government's August 2007 dispositive Motion filed with respect to Plaintiff's original Complaint as moot in light of the forthcoming Amended Complaint of

---

[11]Plaintiff appears to be still within his two-year statute of limitations with respect to his Eighth Amendment claim (on December 6, 2006, Plaintiff was transferred to LSCI-Allenwood and remained there until October 2, 2007), and we do not find any *res judicata* effect or claims preclusion that would prevent Plaintiff from filing a new action if the District Court dismissed Plaintiff's original Complaint as moot.

Plaintiff.[12]

Plaintiff is forewarned to include, in his Amended Complaint, only his Eighth Amendment denial of proper medical care claim contained in his original Complaint, *i.e.* his Eight Amendment claim regarding his medical care for his back conditions against the three remaining Defendants in this case, Brady, Potope and Factora, and to include his tort claim against the Untied States. Thus, Plaintiff is directed to limit his amended pleading to his alleged improper medical care for his back conditions he received at LSCI-Allenwood and to name only the prison staff personally responsible for his care and treatment at this prison, which are the stated remaining three Defendants named in the original Complaint. Plaintiff is directed to name only the United States as the Defendant with respect to his FTCA claim in his Amended Complaint.

In order to minimize any prejudice to Defendants and the government and to prevent any further delay in this case, Plaintiff must only assert the above stated Eighth Amendment denial of proper medical care claim against Defendants Brady, Potope and Factora, and his tort claim that arose out of conduct, transactions, or occurrences at LSCI-Allenwood that were set forth in his original Complaint, Doc. 1.[13] Plaintiff is reminded that *respondeat superior* is not a

---

[12]The undersigned recognizes that he cannot issue an Order denying the government's Dispositive Motion (Doc. 54) since he has only been assigned this case for pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A), but he has authority under the stated statutory provision to grant Plaintiff's Motion to Amend his Complaint. Thus, the undersigned deems the government's Dispositive Motion (Doc. 54) as moot insofar as it relates only to Plaintiff's original Complaint which will soon be superseded by his Amended Complaint.

[13]Plaintiff should not try to re-assert, in his Amended Complaint, any denial of proper medical care claims with respect to his treatment in prisons outside of the Middle District of

basis to hold any supervisory BOP staff and officials liable in a civil rights suit. *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003).[14]

Plaintiff is to file his FTCA claim in his Amended Complaint only against the United states. The FTCA, and not a *Bivens* action, is for negligence claims against employees of the United States. *See* Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2680. *See also Roberts v. Banks,* slip op. p. 6, n. 4[15], 2007 WL 3096585 (3d Cir. 2007)(Non-Precedential).

---

Pennsylvania.

[14]Also, as discussed above, we have found it would be futile for Plaintiff to include any Eighth Amendment claim regarding his allegations that Defendants failed to schedule his angiogram since the government has shown that Plaintiff did not exhaust this claim. *See* Doc. 62, ¶ 112.

[15]The *Banks* Court noted, "The District Court correctly construed Banks' negligence claim under the FTCA, noting that it could not consider his negligence claim under *Bivens*, because negligence is not the basis of a constitutional claim. *See Bivens*, 403 U.S. at 392 (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's *constitutional* rights)." 2007 WL 3096585, * 2, n. 4(emphasis original).

Further, Plaintiff must exhaust his Administrative remedies with the BOP by filing a tort claim

(SF-95) prior to filing an FTCA action in District Court.[16]  *Id.*, slip op. p. 5, 2007 WL 3096585, *

2.

Plaintiff will be directed to file his Amended Complaint within twenty (20) days of the

date of this Order consistent with this Memorandum.   Plaintiff's Motion for an Extension of

Time to file his Reply Brief regarding his Motion to Amend **(Doc. 77)** will be denied as moot.

Further, since Plaintiff has been directed to pay a partial filing fee, and this money has been

periodically deducted from his prison account, the last money received being on October 12,

2007 (Doc. 73), Plaintiff will be directed to complete and submit, along with his Amended

Complaint, the attached financial statement.   Plaintiff shall  provide information with respect to

---

[16]The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment.  28 U.S.C. §2675 (a).  Plaintiff here is seeking to amend his complaint to assert, in part, a claim for medical malpractice. (Doc. 78, p. 5).   Thus, Plaintiff is seeking to sue the United States for negligent conduct of federal employees occurring during his incarceration in federal prison.  With respect to any FTCA claim, the only proper party Defendant is the United States, and not the individually named employees of the BOP.  *See* 28 U.S.C. §2679 (b) and (d)(1).  Thus, no individual employee of the BOP can be included in an FTCA action, and only the United States can be named as Defendant.  *See Banks, supra*, slip op. p. 6, 2007 WL 3096586, * 2.

his current ability to pay the balance due and owing on the outstanding portion of his filing fee[17]

now that he is no longer in prison so that the Court can determine if he has the ability to

immediately pay the balance in full.

An appropriate Order follows.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: March 5, 2008

---

[17]The Clerk of Court has advised that the balance due on Plaintiff's filing fee is $220.85.

21

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELIOT S. SASH,                                    :        CIVIL ACTION NO. **1:CV-07-0475**
                                                  :
              Plaintiff                           :        (Judge Rambo)
                                                  :
       v.                                         :        (Magistrate Judge Blewitt)
                                                  :
KAREN HOGSTEN, et al.,                            :
                                                  :
              Defendants                          :

## ORDER

**AND NOW, this** 5 **day of March, 2008**, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Amend his Complaint **(Doc. 70)** is **GRANTED.**

2. Plaintiff is directed to file his Amended Complaint, consistent with the directives of the foregoing Memorandum, within **twenty (20) days** of the date of this Order.

3. Failure of Plaintiff to file his Amended Complaint as directed will result in a recommendation that his case be dismissed.

4. The United States' August 27, 2007 Motion to Dismiss or for Summary Judgment **(Doc. 54)** is deemed as **MOOT** since it related to Plaintiff's original Complaint, which is to be superseded by his Amended Complaint.

5. Plaintiff's Motion to file a Reply Brief *nunc pro tunc* in support of his Motion to Amend his Complaint and his Motion for an Extension of Time to file his Reply Brief **(Docs. 77 and 78)** are denied as **MOOT.**

22

6. The Clerk of Court is directed to send Plaintiff the Financial Affidavit which accompanies this Order, and Plaintiff is directed to complete and file the financial statement along with his Amended Complaint.   Failure of Plaintiff to file his  Financial Affidavit as directed will result in a recommendation that his case be dismissed.


**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: March 5, 2008

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELLIOT S. SASH
_____
(Plaintiff)

v.

KAREN HOGSTEN et al.
_____
(Defendant)

AFFIDAVIT / DECLARATION
IN SUPPORT OF REQUEST
TO PROCEED
IN FORMA PAUPERIS

1:CV-07-0475

I, _____ELLIOT S. SASH_____certify that I am the plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my present financial condition I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress.

I further state that the responses which I have made to questions and instructions below are true and correct.

1.   Are you presently employed?    Yes _____    No _____

a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.

_____

b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received.

_____

2.   Have you received within the past twelve months any money from any of the following sources?

      a. Business, profession or form of self-employment?　　　Yes _____ No _____

      b. Rent payments, interest or dividends?　　　Yes _____ No _____

      c. Pensions, annuities or life insurance payments?　　　Yes _____ No _____

      d. Gifts or inheritances?　　　Yes _____ No _____

      e. Any other sources?　　　Yes _____ No _____

If the answer to any of the above is yes, describe each source of money and state the amount

received from each during the past twelve months.

_____

_____

3.  Do you own any cash, or do you have money in a checking or savings account? Yes _____
No _____     (Include any funds in prison accounts.)

If the answer is yes, state the amount of cash or the present balance in any account.

_____

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property,
excluding ordinary household furnishings and clothing?   Yes _____   No _____

If the answer is yes, describe the property and state its approximate value.

_____

_____

5.  List the persons who are dependent upon you for support, state your relationship to those
persons, and indicate how much you contribute toward their support. In order to comply with the
court's privacy policy, only the initials of a minor should be listed below.  Also, listing the age of
the minor is acceptable; however, only the year of birth may be included.  See the court's "Notice
of Electronic Availability of Civil and Criminal Case File Information" and Local Rule 5.2 for
more information on redaction of personal data identifiers.

_____

_____

6.  List your monthly expenses for:

|  |  |
|---|---|
| food | _____ |
| rent | _____ |
| utilities | _____ |
| child care | _____ |
| medical care | _____ |
| other (explain) | _____ |

_____

7.   List any debts (mortgage, credit card, student loan, etc.) and the monthly fee on those debts:

_____

_____

_____


I understand that a false statement or answer to any questions in this affidavit/ unsworn declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____
                                    Date


_____
Signature of Plaintiff