IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIOT S. SASH, | : | CIVIL ACTION NO. **1:CV-07-0475** |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KAREN HOGSTEN, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background**.

On March 14, 2007, Plaintiff, Eliot S. Sash, formerly an inmate at the Federal Low Security

Correctional Institution at Allenwood ("LSCI-Allenwood"), White Deer, Pennsylvania,[1] filed, *pro se,*

this action. This case was found by the District Court to have been brought pursuant to 28 U.S.C.

§ 1331. Plaintiff also filed two Motions to proceed *in forma pauperis*. (Docs. 2 and 8).

Plaintiff was allowed to proceed with respect to his original Complaint only as against

Defendants Brady, Potope and Factora, and only with respect to his Eighth Amendment denial of

---

[1]Plaintiff was released from federal custody on November 30, 2007, and he now resides
with his wife in Closter, New Jersey. (Docs. 75 and 86). Thus, we concur with Plaintiff and his
Notice (Doc. 86) that Defendants' counsel should have sought his concurrence with respect to
Defendants' Motion to Dismiss and for Summary Judgment (Doc. 85), pursuant to Local Rule
7.1, M.D. Pa. However, we will not recommend that the Court issue an order compelling
Defendants to comply with all Local Rules of this Court as Plaintiff requests in his Notice since
Defendants' counsel is well aware of this requirement. Nor will we recommend that the Court
dismiss Defendants' Doc. 85 Motion as a sanction for not complying with L.R. 7.1 since it would
too severe and Plaintiff has not suffered any prejudice. In fact, Defendants filed a Certificate of
Nonoccurrence regarding their Doc. 85 Motion on June 16, 2008. (Doc. 87). Also, Plaintiff has
filed his opposition to Defendants' dispositive Motion, as well as his response to their SMF and
his exhibits. (Docs. 95, 96 and 97). Thus, we will recommend that Plaintiff's Doc. 86 Notice be
denied.

proper medical care claims and his requests for injunctive relief. (*See* April 25, 2007 District Court Order, Doc. 18).

In his original Complaint, Plaintiff sought this Court to compel Defendants to transfer him to a BOP medical facility, a camp, a halfway house, or home confinement so that he could obtain his own medical care at no cost to the BOP. (Doc. 1, pp. 1-2). Plaintiff also sought this Court to order Defendants to allow him to have MRI's and a CAT scan, and for the Court to appoint three (3) independent medical examiners (*i.e.* an orthopedic surgeon, a neurologist and a neurosurgeon) to examine him so that a treatment plan for him could be formulated and implemented while he was in prison. (*Id*. and ¶'s 54.-57.). Plaintiff basically alleged that Defendants violated his Eighth Amendment right to proper medical care for his serious back conditions, *i.e.* cervical stenosis and lumbar stenosis, as well as his heart condition, *i.e.* claiming, in part, that Defendants failed to timely schedule him for an angiogram. (*Id*., pp. 1-3).[2]

On October 1, 2007, Plaintiff filed a Motion to Amend his Complaint. (Doc. 70). On March 5, 2008, we issued a Memorandum and Order in which Plaintiff's Motion to Amend his Complaint (Doc. 70) was granted, and the United States' August 27, 2007 Motion to Dismiss or for Summary Judgment (Doc. 54) was deemed as moot since it related to Plaintiff's original Complaint, which was to be superseded by his Amended Complaint. (Doc. 79). We directed Plaintiff to only assert his Eighth Amendment denial of proper medical care claims regarding his back conditions

---

[2]We initially found that Plaintiff's original pleading met one of the prongs with respect to an Eighth Amendment claim, namely, he alleged serious medical conditions. Plaintiff alleged, and his exhibits attached to his original Complaint showed, that he had serious back conditions as well as a heart condition.

against Defendants Brady, Potope and Factora, and his FTCA claim against the United States regarding only the conduct, transactions, or occurrences which occurred at LSCI-Allenwood. (Doc. 79, p. 10).

On March 24, 2008, Plaintiff filed his 32-page Amended Complaint, with Exhibits (Exs. A-F) and styled it as a *Bivens* action and an FTCA action. (Doc. 80). Plaintiff correctly named the United States as the Defendant with respect to his FTCA action. Plaintiff named as Defendants with respect to his *Bivens* action, James Potope, Assistant Health Services Administrator, Dr. James Brady, Clinical Director, and Physician Assistant Victor Factora. All three individual Defendants were employed by the BOP at LSCI-Allenwood during the relevant times of this case. (Doc. 80). Plaintiff sought monetary damages as against Defendants Potope, Brady and Factora. (Doc. 80, pp. 28-31).

We then screened Plaintiff's Amended Complaint under the PLRA. On Mach 26, 2008, we issued a Report and Recommendation ("R&R") and recommended that Plaintiff's state law claims asserted in his Amended Complaint, namely for negligence, malpractice and infliction of emotional distress, against Defendants Brady, Potope and Factora be dismissed. We also recommended that Plaintiff be allowed to proceed with respect to his Eighth Amendment claims against Defendants Brady, Potope and Factora under §1331, and with respect to his medical negligence claim under the FTCA against the United States. (Doc. 82).

On May 13, 2008, the District Court adopted our R&R in which we screened Plaintiff's Amended Complaint (Doc. 83), and Plaintiff's Eighth Amendment claim for denial of proper medical care with respect to his back conditions against Defendants Potope, Brady and Factora was allowed to proceed. However, Plaintiff's claims in his amended pleading against Defendants

Potope, Brady and Factora for negligence, medical malpractice and infliction of emotional distress were dismissed.  Plaintiff's medical malpractice claim against the United States *via* his FTCA action was also allowed to proceed.

Defendants were served with Plaintiff's Amended Complaint on May 29, 2008.   On June 9, 2008, Defendants jointly filed a Motion to Dismiss pursuant to Rule 12(b) and for Summary Judgment under Rule 56(b).  **(Doc. 85).**  Defendants' Motion has been briefed, Statements of Material Facts ("SMF") and a response have been filed, Exhibits have been filed, and the Motion is ripe for disposition.  (Docs.  90, 91, 95-97 and 98).

On August 5, 2008, Plaintiff filed a Motion to Dismiss Defendant United States. (Doc. 99). On August 12, 2008, we issued an R&R recommending that Plaintiff's Motion to Dismiss Defendant United States be granted. (Doc. 101).  On August 12, 2008, the District Court adopted our R&R, dismissed Defendant the United States of America, and remanded the matter to the undersigned. (Doc. 103).

We now consider Defendants' stated dispositive Motion (Doc. 85).

## II.  Motion for Summary Judgment Standard.

The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact.   Fed.R.Civ.P. 56(c).  An issue of fact is "`genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id*., *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, the Third Circuit has recently indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted). Further, "the mere existence of some alleged factual

dispute between the parties will not defeat an otherwise properly supported motion fo summary judgment; the requirement is that there be no genuine issue of material fact." *Freeman v. Bronkoski*, 2008 WL 4414725, *3 (M.D. Pa.)(*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 247-48).

## III. Material Facts.

Defendants have filed their voluminous 18-page, 141-paragraph SMF in support of their Summary Judgment Motion  (Doc. 91, ¶'s 1.-141.), and all of their facts are properly supported by citation to evidence.  We shall adopt as our own all of Defendants' facts contained in their SMF that are supported by citation to evidence and that are not disputed by Plaintiff in his response to Defendants' SMF.  (Doc. 96).  To the extent that Plaintiff's responses, which cite to evidence, dispute Defendants' facts detailed in their SMF, we shall not adopt Defendants' facts as our own.  Also, insofar as Plaintiff states eleven  paragraphs of additional facts not in response to Defendants' SMF, *i.e.* Doc. 96, pp. 22-25, ¶'s 142.-153., we consider these facts only as they pertain to Plaintiff's opposition to Defendants' Briefs.[3]

As stated, Plaintiff filed a response to each and every paragraph of Defendants' SMF.  (Doc. 96).  However, some  of his responses to Defendants' SMF are not proper under Local Rule 56.1, MD. Pa., since he does not cite to evidence to support them.

We only consider the relevant SMF which pertain to the remaining Eighth Amendment claims of denial of proper medical care against the three Defendants with respect to the care

---

[3]There is no provision in Local Rule 56.1, M.D. Pa. for the non-moving party to file his own SMF.

Plaintiff received for his back conditions.  The relevant SMF begin at ¶ 51. and are contained, not exclusively, through ¶ 133., *i.e.* facts not related to the remaining issue in this case are also stated in ¶'s 52.-133.  Some of the SMF contained within the stated range of relevant SMF are not material to our summary judgment discussion herein, such as whether January 11, 2007 was the first time Plaintiff complained to prison medical staff about his back problems as Defendants assert or whether it was December 6, 2006, as Plaintiff asserts.  (Docs. 91 and 86 @ ¶ 51.).

Also, several of the SMF contained within the stated range of relevant SMF are admitted entirely by Plaintiff, including the following:  ¶'s 52., 54.-56., 59.-63., 67.-71., 72.  (¶ 72. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph.  Also, ¶ 72. is not relevant herein since it relates to Plaintiff's heart condition), 74.-77., 79.-82., 83.  (¶ 83. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph), 85.-89., 90.  (¶ 90. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph), 91.-97., 101. (with clarification), 102., 104., 106., 108.  (¶ 108. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph), 110.-112., 115., 119., 123., 124. (¶ 124. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph), and 125.-130.(¶ 130. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph).

We shall adopt the stated SMF of Defendants which are not disputed by Plaintiff and incorporate them herein by reference.

To the extent that Plaintiff disputes ¶'s 132. and 133. of Defendants' SMF, he fails to cite to evidence to contradict Defendants' evidence which support these SMF as required under Rule 56.1.  (Doc. 90, Ex. B, ¶'s 28.-29.).  Thus, we accept these two paragraphs of Defendants' SMF.

Plaintiff partially admits the following SMF of Defendants:  51., 57., 58., 64., 65., 66., 78., 84., 98., 99., 100., 107., 116., 117., 118. ( (¶ 118. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph, Doc. 90, Ex. B, ¶ 16.), 120.  (¶ 120. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph, Doc. 90, Ex. B, ¶ 17.), 121. (¶ 121. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph, Doc. 90, Ex. B, ¶ 18.), 124. (¶ 124. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph, Doc. 90, Ex. B, ¶ 20.), and 130. (¶ 130. is deemed undisputed since Plaintiff does not have any evidence to contradict it and Defendants' evidence supports this paragraph, Doc. 90, Ex. B, ¶ 28.).  To the extent that Plaintiff partially admits the stated paragraphs and to the extent that we have deemed the stated paragraphs as being undisputed, we accept the facts stated therein and incorporate them by reference.

Therefore, we will accept the above stated facts contained in Defendants' SMF that are supported by their evidence and that are not controverted by Plaintiff's responses and by his evidence, and we will adopt them as our own herein.  *See U.S. ex rel. Paranich v. Sorgnard*, 396 F. 3d 326, 330, n. 5 (3d Cir. 2005) (under M.D. Pa. L.R. 56.1, the Third Circuit noted that the District Court adopted all the facts of one party that were not clearly disputed by the other party with

sufficient citation to the record).[4]

Since the few (eight) remaining SMF of Defendants which are completely disputed by Plaintiff and which are relevant to the sole remaining issue in this case will be addressed in our discussion below, we will not address these SMF in this section.[5]

## IV. Discussion.

Insofar as Defendants argued that Plaintiff's FTCA claim asserted against the United States in his Amended Complaint be dismissed, this argument is now moot since the District Court dismissed, without prejudice, the United States as a Defendant in this case. (Doc. 103). Thus, only Plaintiff's Eighth Amendment denial of proper medical care claims, regarding his back conditions, against Defendants Brady, Potope and Factora under § 1331 remain in this case.

We now consider Plaintiff's remaining *Bivens* claims[6] against the three stated Defendants of the medical staff at LSCI-Allenwood under the Eighth Amendment for denial of proper medical care regarding his back conditions. Plaintiff had an undisputed history of lower back pain, as well as

---

[4]*See also Paranich* District Court case at 286 F. Supp. 2d at 447, n. 3.

[5]The relevant paragraphs of Defendants' SMF completely disputed by Plaintiff are: ¶'s 53., 73., 103., 105., 109. (It is not disputed that Plaintiff did not want to continue taking the prescribed Elavil, but the reason why is disputed, *i.e.* whether Plaintiff did not like the taste of it, as Defendants assert, or whether it did not work and had a cotton mouth side effect, as Plaintiff claims. We deem ¶ 109. as admitted in part.), 113., 114., and 131.

[6]Recently, the Third Circuit in *Banks v. Roberts*, C.A. No. 07-2793, slip op. p. 2, n. 1, 2007 WL 3096585, * 1, n. 1 (3d Cir. 10-19-07) (Non-Precedential) noted that "A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens* . . . "

lumbar and cervical stenosis.  (Doc. 91, ¶ 7.).[7]

We find that Plaintiff had serious back conditions.  (Doc. 90, Ex. A, ¶ 4. and Doc. 97, Ex. 6).

However, we find that, based on the undisputed medical records of Plaintiff (Doc. 90, Ex. A, Att.

1, pp. 1-173), Defendants were not deliberately indifferent to Plaintiff's serious medical needs for

his back conditions.

As the Third Circuit Court stated in *Goodrich  v. Clinton County Prison*, 214 Fed. Appx. 105,

112 (3d Cir. 2007) "a supervisor may be personally liable under § 1983 'if he or she participated

in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had

knowledge of and acquiesced in his subordinates' violations,' *A.M., 372 F.3d at 586 ... ."*

The *Goodrich* Court also stated:

> A prison official's deliberate indifference to an inmate's serious
> medical needs constitutes a violation of the Eighth Amendment and states a cause
> of action under § 1983 *See, e.g., Estelle v. Gamble,* 429 U.S. 97, 104-05, 97 S.Ct.
> 285, 50 L.Ed.2d 251 (1976). The Eighth Amendment claim has objective and
> subjective components. First, the prisoner must show that his medical need is,
> objectively, sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct.
> 1970, 128 L.Ed.2d 811 (1994) (citation omitted). Second, he must establish that
> the prison official acted with subjective deliberate indifference, that is, that the
> official was aware of a substantial risk of serious harm to the prisoner but
> disregarded that risk by failing to take reasonable measures to abate it. *Farmer v.
> Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
>
> A medical need qualifies as "serious" for purposes of Eighth Amendment
> analysis if, for example, "it is one that has been diagnosed by a physician as
> requiring treatment." *Monmouth County Corr. Institutional Inmates v. Lanzaro,*
> 834 F.2d 326, 347 (3d Cir.1987) (quotation and citation omitted). In
> addition, "if unnecessary and wanton infliction of pain results as a consequence
> of denial or delay in the provision of adequate medical care, the medical need

---

[7]Stenosis is a stricture of any canal or orifice.  *Stedman's Medical Dictionary*, 27th Ed.
(2000).

is of the serious nature contemplated by the eighth amendment." *Id.* (quotation
*111 and citation omitted). A mental illness may constitute a serious medical
need. *Inmates of the Allegheny County Jail v. Pierce,* 612 F.2d 754, 763
(3d Cir.1979) ("Although most challenges to prison medical treatment have
focused on the alleged deficiencies of medical treatment for physical ills, we
perceive no reason why psychological or psychiatric care should not be held
to the same standard.).

　　　An inmate can show deliberate indifference" where, for example,
"prison authorities deny reasonable requests for medical treatment ... and
such denial exposes the inmate to undue suffering." *Lanzaro,* 834 F.2d at 346
(quotation and citation omitted). Alternatively, deliberate indifference" is
shown where knowledge of the need for medical care [is accompanied by the] ...
intentional refusal to provide that care" or where"prison authorities prevent an
inmate from receiving recommended treatment for serious medical needs or
deny access to [a] physician capable of evaluating the need for such treatment."
*Id.* at 346-47 (quotations and citations omitted). It is clear, however, that
allegations of negligence do not rise to the level of a constitutional violation. *Estelle,*
429 U.S. at 106, 97 S.Ct. 285. Finally, "whether or not a defendant's conduct
amounts to deliberate indifference has been described as a classic issue for the
fact finder." *A.M. ex. rel. J.M.K. v. Luzerne County Juvenile Detention Ctr.,* 372 F.3d
572, 588 (3d Cir.2004) (quoting *Nicini v. Morra,* 212 F.3d 798, 816 (3d Cir.2000)
(Rendell, J., dissenting)).

214 Fed. Appx. at 110-111.  *See also Ascenzi v. Diaz*, 2007 WL 1031516, *4 (M.D. Pa.).

　　We agree with Defendants and find that Plaintiff has not established that Defendants

Potope, Brady and Factora were deliberately indifferent to his serious medical needs and that they

failed to treat him properly for his serious back conditions.  The numerous medical records of

Plaintiff while he was confined at LSCI-Allenwood for less than one year (*i.e.* for about 10 months)

from December 6, 2006 to October 2, 2007, show that Plaintiff received quite extensive medical

care, on a continuous basis, for his numerous medical conditions, including his back conditions.

(Doc. 90, Ex. A, Att. 1).[8]   There are 173 pages of medical records detailing the constant care that

Plaintiff received at LSCI-Allenwood for his numerous ailments, including his back conditions.

(Doc. 90, Ex. A, Att. 1).

Further, the May 23, 2007 MRI of Plaintiff's lumbar spine revealed as follows:

> There is normal mineralization.  Five lumbar vertebrae are imaged.
> The vertebral bodies and posterior elements are intact and
> aligned.  There is mild disc space narrowing at L3-4 and moderate
> disc space narrowing at L4-5 and L5-S1.  There is mild anterior
> and plate osteophyte formation at these levels.  The paravertebral
> soft tissues are within normal limits.

> IMPRESSION: Mild to moderate lower lumbar de
> degenerative disc disease.

(Id. at p. 171).

This objective medical evidence shows that the conservative treatment Plaintiff received

from Defendants did not amount to deliberate indifference to Plaintiff's serious back conditions.

Defendants' SMF summarizes the medical care Plaintiff received for his back conditions, and

for the most part, this care is not disputed and is supported by Defendants' evidence referenced

therein.

Plaintiff initially complained of some pain in his neck and lower back to Dr. Brady on

December 12, 2006, shortly after his arrival at LSCI-Allenwood.  All of Plaintiff's medications were

re-prescribed except for Naproxen due to Plaintiff's creatinine level.  Plaintiff was prescribed a

cream for his pain.  (Doc. 90, Ex. A, ¶ 7.).  The evidence shows that Plaintiff merely disagreed with

---

[8]As we noted in our March 26, 2008 R&R, Plaintiff was transferred from LSCI-Allenwood
to a BOP Halfway House on October 2, 2007.  (See Doc. 80, p. 5).  We only discuss the care
relevant to Plaintiff's back conditions.

the conservative medical care which Defendants provided for his back conditions, namely Plaintiff wanted an MRI, a neurosurgeon referral, an EMG, and an epidural injection and he believes that the failure of Defendants to provide the care he wanted amounted to deliberate indifference to his back conditions.   Defendants determined that Plaintiff's care was level 3-medically acceptable under BOP P.S. 6031.01, Patient Care, with medical conditions considered to be "elective procedures," *i.e.* may improve Plaintiff's quality of life, but are not emergencies and life threatening. Plaintiff believed that  an MRI, a neurosurgeon referral, and EMG, and an epidural injection were medically necessary, and he disagreed with Defendants' findings that they were not.   Plaintiff points to the January 2006 Report of Dr. Archer, a neurosurgeon, in which the doctor recommended epidural injections be considered for Plaintiff's back conditions even though Plaintiff was found to have normal gait, normal neurological exam, full painless range of motion, full flexion, bending and rotation and negative straight leg raise and FABER test.  However, this Report did not show that the injections were medically necessary and that without them Plaintiff would be needlessly subjected to wanton pain.  (Doc. 97, Ex. 4).

Further, even if Plaintiff's treating neurologists prior to his incarceration, Dr. Alweiss and Dr. Arginteanu, and Dr. Waldman, a neurologist who administered 3 cervical epidural injections in Plaintiff after his incarceration, would testify at trial that Plaintiff did not receive the required  level of care medically acceptable in the community, as Plaintiff represents they would (Doc. 95, pp. 8-10 and Doc. 97, Exs. 8 and 11), these testimonies would go towards Plaintiff's dismissed medical malpractice claim under the FTCA against the United States, and not towards his Eighth Amendment claims against the remaining Defendants.

While Plaintiff states that he endured "indescribable" pain at LSCI-Allenwood, the undisputed medical records submitted by Defendants show that Plaintiff was repeatedly treated for his complaints of pain with respect to all of his medical conditions, including his back conditions. (*See e.g.* Doc. 90, Ex. ¶ 25.).   In fact, when Plaintiff claimed that he needed an order to remain idle for rest due to pain, he was issued an idle order as well as extensions of this order. (*Id.*, ¶'s 28.-30.).

Simply because Plaintiff was not satisfied with the treatment he received at LSCI-Allenwood and simply because his private neurologists who treated him outside of the prison would have treated him differently and did treat him differently by giving him cervical and lumbar epidural injections, this evidence does not show that Defendants violated the Eighth Amendment.  On the other hand, the Defendants' evidence shows that they were not deliberately indifferent to Plaintiff's serious back conditions and that they extensively treated Plaintiff conservatively for his back conditions as they deemed medically appropriate for level 3 care.  (Doc. 91, ¶'s 130.-133.).  As stated, the objective medical records of Plaintiff demonstrate that the conservative care Defendants rendered for Plaintiff's back conditions did not amount to Eighth Amendment violations.

Accordingly, we will recommend that Defendants' Summary Judgment Motion, Doc. 85, be granted and that judgment be entered in favor of Defendants Potope, Brady, and Factora, and against Plaintiff Sash.

## V. Recommendation.

Based on the foregoing, it is respectfully recommended that Defendant's Summary Judgment Motion **(Doc. 85)** be granted.  It is further recommended that judgment be entered in favor of

Defendants Potope, Brady and Factora, and against Plaintiff Sash.[9]   Additionally, it is recommended that Plaintiff's Doc. 86 Motion requesting the dismissal of Defendants' Summary Judgment Motion be denied.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 24, 2008**

---

[9]Since we find merit to Defendants' argument that the evidence demonstrates they did not violate the Eighth Amendment with respect to the medical care Plaintiff received for his serious back conditions, we do not address their alternative argument that they are entitled to qualified immunity. (Doc. 90, pp. 18-19).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIOT S. SASH, | : | CIVIL ACTION NO. **1:CV-07-0475** |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KAREN HOGSTEN, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 24, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                         **s/ Thomas M. Blewitt**
_____       
                         **THOMAS M. BLEWITT**
                         **United States Magistrate Judge**

**Dated: November 24, 2008**