IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIOT S. SASH,** | : CIVIL NO. 1:CV-07-0475 |
| **Plaintiff** | : (Judge Rambo) |
| v. | : (Magistrate Judge Blewitt) |
| **KAREN HOGSTEN**, *et al.*, | : |
| **Defendants** | : |

## MEMORANDUM AND ORDER

### I.     Background

Before the court is a November 24, 2008 report of the magistrate judge in which he recommends that Defendants' motion for summary judgment be granted on the issue of an Eighth Amendment denial of proper medical care and requests for injunctive relief.  The magistrate judge also recommends that Plaintiff's motion for summary judgment be denied.  Plaintiff has filed objections to the report and recommendation of the magistrate judge to which Defendants have responded.  The matter is ripe for disposition.

### II.     Discussion

Plaintiff alleges that there are "major errors" in the report and recommendation.  He points out that on pages 11 and 12 of the report, the magistrate judge refers to the "numerous medical records" that have been produced that evidence the fact that Defendants were not indifferent to

Plaintiff's medical needs.  Plaintiff argues that quantity does not equate to quality.  This argument goes to the issue between the parties as to the type of medical treatment each believes should be given – not to whether a constitutional violation has occurred.

Plaintiff refers to page 12 of the report and recommendation in which the magistrate judge refers to an MRI that was performed on Plaintiff on May 23, 2007.  Plaintiff claims there is nothing in the records that show an MRI was performed.

At page 12 of the report and recommendation, the magistrate judge refers to a May 23, 2008 report.   (Doc. 90, p. 171.)  That document is a report from a radiologist.  This court cannot determine from the report as to whether or not the exam included an x-ray or an MRI.  Regardless, the expert reported, "mild to moderate lower lumbar degenerative disc disease."  Plaintiff claims that only an MRI can diagnose lumbar stenosis and that an x-ray was improper.  At most, if Plaintiff is medically correct, this might amount to medical negligence and not a constitutional violation.

Plaintiff argues that the only reason Defendants did not perform MRI's and EMC's was because of the cost.  This is a conclusory allegation and Plaintiff offers nothing in support of that claim.

Plaintiff objects to the magistrate judge's finding that a report from a Dr. Archer that recommended epidural injections be considered, did not show that the injections were medically necessary.  (Doc. 97, Ex. 4.)  Plaintiff argues that this report should be given great weight.  The Archer report of January 12, 2006 sets forth some of the following findings:

> His physical exam shows a moderately overweight male in no acute distress.  He walks with a normal gait.

> Neurologic exam shows no abnormal findings in terms of motor, sensory or reflex function in the upper or lower extremities.
>
> Cervical spine exam shows no swelling or malalignment. He has normal flexion and extension with some discomfort on rotation and some limitation on lateral bending.
>
> Lumbar spine exam shows tenderness in lower lumbar area. He has full forward flexion, lateral bending, and rotation. . . .
>
> Hip examination shows full painless range of motion bilaterally.
>
> . . .
>
> may be a candidate for epidural steroid injections in the future.

(*Id.*)

As the magistrate judge noted, this report did not show that subdural injections were medically necessary and only opined that they be given consideration in the future. Dr. Archer's report does not support a constitutional violation claim.

Plaintiff also contends that Defendant's classification as a level 3 under BOP P.S. 6031.01, Patient Care, should have been at least a level 2. Without medical evidence in support of this, Plaintiff's claim is conclusory and may amount to only a medical malpractice claim.

Plaintiff makes objections to findings by the magistrate judge that Defendants' statement of undisputed facts are, in fact, undisputed. Plaintiff alleges that these findings go to show the bias of the magistrate judge. Plaintiff also takes issue with the magistrate judge's interpretation of Middle District of Pennsylvania Local Rule 56.1, which states:

> The party opposing a motion for summary judgment shall include a separate short and concise statement

> of the material facts, <u>responding to the numbered paragraphs</u> set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

M.D.L.R. 56.1 (emphasis added). This rule does not provide for a non-moving party to file his own statement of material facts but instructs the non-moving party how to properly respond to the movants' statement of material facts.

This court agrees with the magistrate judge that the dispute between the parties involves a perceived degree of medical care that is required in this case and that the objective medical records demonstrate that the care Defendants rendered to Plaintiff for his back condition did not amount to an Eighth Amendment violation. **IT IS THEREFORE ORDERED THAT:**

1) The court adopts the report and recommendation of Magistrate Judge Blewitt.

2) Plaintiff's motion for summary judgment is denied.

3) Defendants' motion for summary judgment is granted.

4) The Clerk of Court shall enter judgment in favor of Defendants Brady, Potope and Factora with regard to Plaintiff's Eighth Amendment claim and against Plaintiff Sash and close the file.

                                                          s/Sylvia H. Rambo
                                                        United States District Judge

Dated: February 2, 2009.